# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00081 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN BARKSDALE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi Springer, a state inmate proceeding pro se, has filed a civil rights action, alleging that he seeks relief under 42 U.S.C. § 1983 against officials at Red Onion State Prison for allegedly failing to comply with a state court order for protective custody. Springer has not prepaid the necessary filing fee to proceed with this action and asks to be allowed to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment

method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-strikes inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three strikes) (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he can show imminent danger of serious physical injury. § 1915(g).

Springer's current complaint alleges that instead of assigning him to protective custody as directed by a state court order, Red Onion officials have forced him to choose between participating in the Step Down Program or returning to long-term segregation. In November 2009, Springer was convicted in Buchanan County Circuit Court of assault and battery of a law enforcement officer and sentenced to a consecutive term of three years in prison. The Circuit Court's Order stated: "Upon motion made by the Commonwealth, the Court orders the Defendant to be held in protective custody." (Compl. Attach. 8, ECF No. 1-1.)

For some time, Springer was confined in a Secure Integrated Pod ("SIP") without a cellmate. In July 2015, he reminded officials of the court order for protective custody. Thereafter, officials informed Springer that he would have to demonstrate his ability to live compatibly with a cellmate in the two-phase Step Down Program, while remaining infraction-free, if he wished to be considered for a general population protective custody placement.[1] Springer expressed his fears that gang members in the Step Down Program would harm him, or goad other inmates into doing so. Nevertheless, he agreed to enter the program.

From October 2015 to January 2016, Springer managed to complete Phase 1 of the program. Although gang members in the program allegedly called Springer a snitch, interfered with his access to the computer, telephone, and shower, and tried to provoke him into a confrontation, no such incident occurred. Springer moved to Phase 2 in late January. Two inmates allegedly saw an informal complaint response that erroneously described Springer as having tattoos related to child molestation. These inmates expressed disgust, threatened Springer, and

---

[1] Springer submits a copy of a September 15, 2015, letter from a Virginia Department of Corrections official, stating:

> While the Department considers the judge's order for protective custody status, we are not required to abide by the recommendation. We have determined that you are not appropriate to be housed in Protective Custody due to your current status in the Step Down Program at Red Onion. Once you complete the Step Down Program, your status will be reviewed and you may be placed in Protective Custody at that time.

(Compl. Attach. 1, ECF No. 1-1.)

allegedly tried unsuccessfully to provoke or frame him, but no one harmed him. The mistaken complaint response was reissued with corrections.

In his motion, Springer argues that the difficulties he has experienced during four months in the Step Down Program prove that he is in imminent danger of serious physical harm, meeting the exception in § 1915(g). He demands immediate injunctive relief ordering the defendants to place him in a protective custody unit, as well as monetary damages.

Courts have held that the imminent danger exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). I cannot find that Springer has alleged facts showing imminent danger of physical harm related to any of the past incidents and alleged threats of which he complains. His speculative fears are not based on sufficient facts to warrant the extraordinary relief he seeks or to indicate that he faces any danger of physical harm if he remains in Phase 2 of the Step Down Program for future consideration regarding protective custody placement. Therefore, I cannot find that he is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g).

Because the records reflect that Springer has at least three strikes under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g).  Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:  March 14, 2016

/s/  James P. Jones
United States District Judge